UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STACEY RUDD,

    Plaintiff,

vs.                                              CASE NO.: 5:11-CV-00373-RS-CJK

DAVID TATUM, as Sheriff of Calhoun County, Florida, HARRELL REVELL, as Sheriff of Liberty County, Florida, and Transport Officer and Deputy Sheriff of Calhoun County WILLIAM STRAWN, individually,

    Defendants.
_____/

TERRI D. FRANKLIN,

    Plaintiff,

vs.                                              CASE NO.: 5:11-CV-00374-MP-EMT

DAVID TATUM, et al.,

    Defendants.
_____/

MIRANDA L. HARTZELL,

    Plaintiff,

vs.                                              CASE NO.: 5:11-CV-00351-RS-GRJ

DAVID TATUM, et al.

    Defendants.
_____/

<u>SHERIFF TATUM'S ANSWER & AFFIRMATIVE DEFENSES
TO 1ST AMENDED COMPLAINT</u>
(Terri D. Franklin Complaint)

COMES NOW Defendant, DAVID TATUM, in his official capacity as Sheriff of Calhoun

County, Florida, by and through undersigned counsel, hereby files his Answer & Affirmative Defenses to Plaintiff TERRI D. FRANKLIN'S Complaint as follows:

## JURISDICTION, PARTIES AND VENUE

1. Admit the Court has jurisdiction over the federal and state law claims made in this matter; deny that Sheriff TATUM has any liability whatsoever for any of the claims made herein.

2. Admitted.

3. Not applicable; no answer is required.

4. Admitted.

5. Admit only that Plaintiff, TERRI D. FRANKLIN, provided pre-suit notice of her claim pursuant to §768.28(6), Fla. Stat.; denied that Sheriff TATUM is liable in any form or fashion for the criminal acts of his former employee/deputy, William Strawn, as alleged herein. See also, Affirmative Defenses.

6. Admitted.

7. Denied; Sheriff TATUM had no prior knowledge of any constitutional or state law violations of any of his deputies, including Defendant Strawn. Decisions with regard to what policies and procedures to implement and the content of such policies are pure discretionary decisions and are immune from liability under state and federal law. See also, Affirmative Defenses.

8. Denied; Sheriff TATUM is an independently elected constitutional officer. He receives no direction from the Calhoun County Board of County Commissioners with regard to his law enforcement and correctional officer functions. Calhoun County in no form or fashion "operates, manages, directs and controls" the operations of Sheriff TATUM'S Department.

9. Admitted.

## GENERAL ALLEGATIONS

10. Admit.

11. Admit.

12. Admit. Furthermore, assuming Defendant Strawn did, in fact, commit forcible or consensual sexual intercourse with an inmate or detainee, Sheriff TATUM cannot be civilly liable for such criminal acts under either Florida or federal law. See also Affirmative Defenses.

13. Admit.

14. Without knowledge; therefore, denied.

## COUNT I
## VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM

15. Defendant TATUM reincorporates herein his responses to paragraphs 1-14.

16. Denied; Sheriff TATUM had no prior knowledge of any of the criminal acts alleged herein. On April 24, 2008, when he first became aware of criminal acts by Defendant Strawn against a non-party, Lisa Vaughn, See Case No. 4:09cv169-RH/WCS, TATUM immediately arrested and disciplined former Deputy Strawn by terminating his employment. See also, Affirmative Defenses.

17. Admitted.

18. Admit only that Sheriff TATUM had a duty of reasonable care and protection to foreseeable risks under all of the facts and circumstances known to him at the time. He did not owe a duty of absolute protection against any and all potential criminal acts; nor did he allow or establish any policy or procedure which caused the violations alleged herein. §1983 claims cannot be founded

upon mere respondeat superior theories. See also, Affirmative Defenses.

19.   Denied; see also, Affirmative Defenses.

    a.   Denied.

    b.   Without knowledge; therefore, denied.

20.   Denied.

21.   Denied.

22.   Denied; furthermore, as previously noted, Sheriff TATUM had no prior knowledge, nor should he have known that a sworn law enforcement officer would commit the criminal acts alleged herein at the times they are alleged to have occurred. Upon SHERIFF'S first knowledge of any criminal acts by former Deputy Strawn, Strawn was immediately and forcefully prosecuted to the extent of Sheriff TATUM'S lawful authority. See also, response to no. 16.

23.   Denied; at the time of the incidents complained of herein, Sheriff TATUM had no subjective awareness of any substantial risk of harm to the Plaintiff herein.

24.   Denied.

<u>COUNT II</u>
<u>VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST</u>
<u>LIBERTY COUNTY SHERIFF DONNIE E. CONYERS</u>

25-34.   Not applicable to this Defendant; no answer is required.

<u>COUNT III</u>
<u>VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST</u>
<u>WILLIAM STRAWN</u>

35-40.   Not applicable to this Defendant; no answer is required.

## COUNT IV
## NEGLIGENT HIRING AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM

41. Defendant TATUM reincorporates herein his responses to paragraphs 1-13 and 18.

42. Admitted.

43. Denied; at the time he approved the hiring of former Deputy Strawn, Sheriff TATUM had no reason to know of the likelihood of his criminal acts years later.

44. Denied.

45. Denied.

46. Denied; see also, response to no. 43, above.

47. Denied; see also, response to no. 43, above.

48. Without knowledge; therefore, denied.

## COUNT V
## NEGLIGENT SUPERVISION AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM

49. Defendant TATUM reincorporates herein his responses to paragraphs 1-14 and 19.

50. Denied; at the time of the events complained of herein, Sheriff TATUM had no reason to know of the likelihood/foreseeability of Defendant Strawn's criminal actions. See also, Affirmative Defenses.

51. Denied; see also, response to no. 50, above, and Affirmative Defenses.

52. Denied; see also, response to no. 50, above, and Affirmative Defenses.

53. Denied; see also, response to no. 50, above, and Affirmative Defenses.

54. Denied; see also, response to no. 50, above, and Affirmative Defenses.

55. Denied; see also, response to no. 50, above, and Affirmative Defenses.

56. Without knowledge; therefore, denied.

## COUNT VI
## NEGLIGENT RETENTION AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM

57. Defendant TATUM reincorporates herein his responses to paragraphs 1-14.

58. Admit only that TATUM had a duty to use reasonable care in employing his officers; deny that he is an insurer to protect against all possible criminal behavior of his employees. Further, deny that Strawn's actions were reasonably foreseeable to TATUM based on all the facts and circumstances known to TATUM on or before April 24, 2008.

59. Admit only that Strawn's position as a law enforcement officer would give him access to the Liberty County Detention Center; otherwise, denied. TATUM had no forewarning or prior reason to believe Strawn would commit the criminal acts alleged herein.

60. Denied; Sheriff TATUM is not responsible for adopting and approving policies and procedures within the Liberty County Jail/Detention Center. Such policies and procedures may only be approved by the duly elected Liberty County Sheriff. Furthermore, as previously shown, TATUM had no reason to know of inappropriate behavior by Strawn which was reasonably related to the events claimed herein.

61. Denied; see also, response to no. 60 above.

62. Denied.

63. Without knowledge; therefore, denied.

## COUNT VII
## BATTERY AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM AND DEPUTY SHERIFF AND TRANSPORT OFFICER WILLIAM STRAWN

64. Defendant TATUM reincorporates herein his responses to paragraphs 1-14 and 19.

65. Admit only that Strawn committed a criminal act on April 5, 2008; and, intentionally unlawfully touched Plaintiff. FRANKLIN was never "shackled and handcuffed" at any time

material to the incident on April 5, 2008. Further, TATUM cannot be civilly liable for such criminal acts; otherwise, denied. See also, Affirmative Defenses.

66. Without knowledge; therefore, denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

To the extent this action raises claims under state law, the maximum amount of any judgment which may be entered or enforced against Defendant SHERIFF is limited by the provisions of Section 768.28(5), Florida Statutes (2007).

### Second Affirmative Defense

Under well-settled Florida tort law principles, for any and all state-law-based claims, either the agency can be liable or the officer, but not both.

### Third Affirmative Defense

Regarding Plaintiff's federal claims as to custom or policy, no causal connection exists between the actions of the supervisory official or governmental body and the alleged deprivation of Plaintiff's civil or constitutional rights. No history of wide spread abuse existed as of the date of the incident(s) in question sufficient to put the SHERIFF on notice of the likelihood of civil or constitutional violations and the resulting need to revise his policies or procedures.

### Fourth Affirmative Defense

Defendant SHERIFF did not violate any duty of care owed to the Plaintiff herein.

### Fifth Affirmative Defense

The actions of Defendant Strawn were not reasonably foreseeable to the SHERIFF under all of the facts and circumstances known to him at the time.

Sixth Affirmative Defense

The actions of the Defendant SHERIFF, in adopting or not adopting policies and procedures, were discretionary in nature and/or involved planning level activities for which Defendant cannot be subject to liability or an action for damages under provisions of Section 768.28, Florida Statutes.

Seventh Affirmative Defense

Under Florida's limited waiver of sovereign immunity, the government cannot be held strictly liable for the actions of its employees.

Eighth Affirmative Defense

No state agency, subdivision or constitutional officer, can be liable for damages when an officer, employee or agent thereof has caused the resulting harm intentionally. §111.071, Fla. Stat. (1980).

Ninth Affirmative Defense

Defendant SHERIFF was not personally involved in the incidents complained of, nor did he establish any custom or policy which caused the alleged incidents.

Tenth Affirmative Defense

A claim of inadequate training or supervision under 42 U.S.C. § 1983 will not lie absent a showing of deliberate indifference by the supervisor or agency involved.

Eleventh Affirmative Defense

SHERIFF is not liable for negligent hiring, supervision or retention of former Deputy Strawn because SHERIFF completed a background investigation of the prospective employee which met the requirements of Florida law and such investigation did not reveal any information that reasonably demonstrated the foreseeable unsuitability of the prospective or actual employee for the

work involved.

Twelfth Affirmative Defense

Count V (Negligent Supervision) and Count VI (Negligent Retention) are redundant and do not state separate, independent causes of action under Florida law.

Respectfully submitted this 17th day of April, 2012.

/s/ Carl R. Peterson, Jr.
CARL R. PETERSON
Florida Bar No.: 980048
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
Tel:   (850) 422-0282
Fax:   (850) 422-1913
E-Mail: crp@jollylaw.com
Attorney for Defendant Tatum

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF Service only to Hubert R. Brown, Esq., Brown and Brown Attorneys at Law, P.A., 1102 East Tennessee Street, Tallahassee, Florida 32307; Thomas Joseph Brown, Esq., Brown and Brown Attorneys at Law, P.A., 1102 East Tennessee Street, Tallahassee, Florida 32307; Roosevelt Randolph, Esq., and Dawn Pompey Whitehurst, Esq., Knowles & Randolph, P.A., 3065 Highland Oaks Terrace, Tallahassee, Florida 32301; and, Jeannette M. Andrews, Andrews, Crabtree, Knox & Andrews, LLP, Post Office Box 12800, Tallahassee, Florida 32317-2800; and, to William Strawn, 19156 NW 22nd Street, Blountstown, Florida 32424, by U.S. Mail, this 17th day of April, 2012.

/s/ Carl R. Peterson, Jr.
CARL R. PETERSON