UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STACEY RUDD,

    Plaintiff,                                        CASE NO.: 5:11cv-00373-RS-CJK

v.

DAVID TATUM, as Sheriff of Calhoun County,
Florida, DONNIE CONYERS, as Sheriff of
Liberty County, Florida, and Transport Officer
And Deputy Sheriff of Calhoun County
WILLIAM STRAWN, individually

    Defendants
_____/

TERRI D. FRANKLIN,

    Plaintiff,                                        CASE NO.: 5:11cv-00374-MP-EMT

v.

DAVID TATUM, et al.

    Defendants
_____/

MIRANDA L. HARTZELL,

    Plaintiff,                                        CASE NO.:5:11CV00351-RS-GRJ

v.

DAVID TATUM, et al.

    Defendants.
_____/

## DEFENDANT SHERIFF CONYER'S ANSWER AND AFFIRMATIVE DEFENSES TO HARTZELL'S FIRST AMENDED COMPLAINT

Defendant, Donnie Conyers, in his official capacity as Sheriff of Liberty County Florida (hereinafter "Sheriff Conyers"), by and through his undersigned counsel, hereby files his Answer

and Affirmative Defenses to Plaintiff Miranda Hartzell's (hereinafter, "Hartzell") First Amended Complaint.

## JURISDICTION/PARTIES AND VENUE

1. Sheriff Conyers admits this court has jurisdiction under 28 U.S.C. §§ 1331 and 1334; however, Sheriff Conyers denies liability and denies he owes Hartzell any damages.

2. Sheriff Conyers admits Hartzell was an inmate at the Liberty County Detention Center in Bristol, FL. Sheriff Conyers further admits on one occasion Hartzell was temporarily housed at the Gadsden Correctional Facility in Quincy, Florida. Sheriff Conyers denies the remaining allegations as phrased.

3. Sheriff Conyers admits these allegations.

4. Sheriff Conyers admits venue is proper; however, Sheriff Conyers denies liability and denies he owes Hartzell any damages.

5. Sheriff Conyers denies liability and denies he owes Hartzell any damages.

6. Sheriff Conyers is without knowledge.

7. Sheriff Conyers denies these allegations.

8. Sheriff Conyers denies these allegations.

9. Sheriff Conyers admits these allegations.

## GENERAL ALLEGATIONS

10. Sheriff Conyers admits this allegation.

11. Sheriff Conyers denies this allegation as phrased.

12. Sheriff Conyers is without knowledge, and to the extent William Strawn actually committed forcible sexual intercourse with Hartzell; Sheriff Conyers is not civilly liable for such criminal acts of Defendant Strawn under federal law.

13. Sheriff Conyers is without knowledge.

14. Sheriff Conyers admits William Strawn transported Hartzell from the Gadsden Correctional Facility to the Liberty Women's Detention/Jail Facility for a court hearing on November 2, 2007.  Sheriff Conyers is without knowledge as to the remaining allegations, and to the extent William Strawn actually committed forcible sexual intercourse with Hartzell; Sheriff Conyers is not civilly liable for such criminal acts of Defendant Strawn under federal law.

15. Sheriff Conyers admits William Strawn transported Hartzell from the Liberty Women's Detention/Jail Facility to the Gadsden Correctional Facility on November 15, 2007.  Sheriff Conyers is without knowledge as to the remaining allegations, and to the extent William Strawn actually committed forcible sexual intercourse with Hartzell; Sheriff Conyers is not civilly liable for such criminal acts of Defendant Strawn under federal law.

### COUNT I--VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM

16.-24. The allegations of Paragraphs 16-24 are asserted against co-Defendant Sheriff David Tatum, and do not apply to Sheriff Conyers.  To the extent any allegations contained within Paragraphs 16-24 are or could be construed to state a claim against Sheriff Conyers, said allegations are denied.

### COUNT II--VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST LIBERTY COUNTY SHERIFF DONNIE CONYERS

Sheriff Conyers re-alleges his responses to paragraphs 1-15 and 19 as if fully set forth herein.

25. Sheriff Conyers denies liability and denies he owes Hartzell any damages.

26. Sheriff Conyers admits Hartzell had a constitutional right to be free from cruel and unusual punishment and the right to be free from sexual assaults.

27. Sheriff Conyers admits it had a duty of reasonable care and protection of foreseeable risks under the facts and circumstances known to it at the time she was in the custody of the Liberty County Sheriff's Office.

28. Sheriff Conyers denies these allegations, and alleges liability cannot be based upon theories of respondeat superior under 42 U.S.C. §1983.

29. Sheriff Conyers denies these allegations.

30. Sheriff Conyers denies these allegations.

31. Sheriff Conyers denies these allegations.

32. Sheriff Conyers denies these allegations, and alleges liability cannot be based upon theories of respondeat superior under 42 U.S.C. §1983.

33. Sheriff Conyers denies these allegations, and alleges liability cannot be based upon theories of respondeat superior under 42 U.S.C. §1983.

### COUNT III--VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST WILLIAM STRAWN

34.-39. The allegations of Paragraphs 34-39 are asserted against co-Defendant William Strawn, and do not apply to Sheriff Conyers. To the extent any allegations contained within Paragraphs 34-39 are or could be construed to state a claim against Sheriff Conyers, said allegations are denied.

### COUNT IV--NEGLIGENT HIRING AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM

40.-47. The allegations of Paragraphs 40-47 are asserted against co-Defendant Sheriff David Tatum, and do not apply to Sheriff Conyers. To the extent any allegations contained within Paragraphs 40-47 are or could be construed to state a claim against Sheriff Conyers, said allegations are denied.

### COUNT V--NEGLIGENT SUPERVISION AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM

48.-55. The allegations of Paragraphs 48-55 are asserted against co-Defendant Sheriff David Tatum, and do not apply to Sheriff Conyers. To the extent any allegations contained within Paragraphs 48-55 are or could be construed to state a claim against Sheriff Conyers, said allegations are denied.

### COUNT VI--NEGLIGENT RETENTION AGAINST CALHOUN SHERIFF DAVID TATUM

56.-62. The allegations of Paragraphs 56-62 are asserted against co-Defendant Sheriff David Tatum, and do not apply to Sheriff Conyers. To the extent any allegations contained within Paragraphs 56-62 are or could be construed to state a claim against Sheriff Conyers, said allegations are denied.

### COUNT VII--BATTERY AGAINST CALHOUNC OUNTY SHERIFF DAVID TATUM AND DEPUTY SHERIFF AND TRANSPORT OFFICER WILLIAM STRAWN

63.-64. The allegations of Paragraphs 63-64 are asserted against co-Defendants Sheriff Tatum and William Strawn, and do not apply to Sheriff Conyers. To the extent any allegations contained within Paragraphs 63-64 are or could be construed to state a claim against Sheriff Conyers, said allegations are denied.

Sheriff Conyers denies any and all allegations of the First Amended Complaint that have not been specifically admitted herein, denies liability and denies he owes Hartzell any damages.

### FIRST AFFIRMATIVE DEFENSE

Sheriff Conyers alleges Hartzell failed to state a claim upon which relief may be sought because claims under 42 U.S.C. § 1983 cannot be founded upon theories of respondeat superior.

### SECOND AFFIRMATIVE DEFENSE

Sheriff Conyers alleges Hartzell failed to state a claim upon which relief may be sought because there was no history of widespread abuse at the time the alleged incidents in this matter allegedly occurred which would be sufficient to put the Sheriff on notice of the likelihood of any civil or constitutional violations—resulting in the need to either implement or revise a policy or procedure.

### THIRD AFFIRMATIVE DEFENSE

Sheriff Conyers alleges Hartzell failed to state a claim upon which relief may be sought because the Liberty County Sheriff's Office does not have a custom or policy that results in deliberate indifference to constitutional rights, and there are no alleged facts that support an inference that Sheriff Conyers directed William Strawn or any employees to act unlawfully or knew that they would act unlawfully and failed to stop them from doing so.

### FOURTH AFFIRMATIVE DEFENSE

Sheriff Conyers claims he is entitled to an award of attorneys' fees pursuant to the provisions of 42 U.S.C. § 1988 against Hartzell and as to Hartzell's counsel, pursuant to the provisions of 28 U.S.C. § 1927.

### FIFTH AFFIRMATIVE DEFENSE

Sheriff Conyers alleges Hartzell's claim may be barred by the statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Sheriff Conyers claims the Liberty County Sheriff's Office cannot be liable to Hartzell pursuant to the provisions of Fla. Stat. § 111.071 because William Strawn's alleged actions were intentional.

ANDREWS, CRABTREE, KNOX & ANDREWS, LLP

/s/ Jeannette M. Andrews
Jeannette M. Andrews, FBN: 0352896
Joe Longfellow, III, FBN: 62225
Post Office Box 12800
Tallahassee, Florida  32317-2800
Attorney for Defendant Sheriff Conyers

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via e-file this _30__ day of April, 2012 to:

Roosevelt Randolph, Esq.
Dawn Pompey Whitehurst, Esq.
Knowles & Randolph, P.A.
3065 Highland Oaks Terrace
Tallahassee, FL  32301

Hubert R. Brown, Esq.
Thomas J. Brown, Esq.
Brown and Brown, P.A.
1102 East Tennessee Street
Tallahassee, FL  32308

/s/ Jeannette M. Andrews