UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STACEY RUDD,

    Plaintiff,                                         CASE NO.: 5:11cv-00373-RS-CJK

v.

DAVID TATUM, as Sheriff of Calhoun County,
Florida, DONNIE CONYERS, as Sheriff of
Liberty County, Florida, and Transport Officer
And Deputy Sheriff of Calhoun County
WILLIAM STRAWN, individually

    Defendants
_____/

TERRI D. FRANKLIN,

    Plaintiff,                                           CASE NO.: 5:11cv-00374-MP-EMT

v.

DAVID TATUM, et al.

    Defendants
_____/

MIRANDA L. HARTZELL,

    Plaintiff,                                           CASE NO.:5:11CV00351-RS-GRJ

v.

DAVID TATUM, et al.

    Defendants.
_____/

**DEFENDANT SHERIFF CONYER'S ANSWER AND AFFIRMATIVE
DEFENSES TO RUDD'S FIRST AMENDED COMPLAINT**

    Defendant, Donnie Conyers, in his official capacity as Sheriff of Liberty County Florida (hereinafter "Sheriff Conyers"), by and through his undersigned counsel, hereby files his Answer

and Affirmative Defenses to Plaintiff Stacey Rudd's (hereinafter, "Rudd") First Amended Complaint.

## JURISDICTION/PARTIES AND VENUE

1. Sheriff Conyers admits this court has jurisdiction under 28 U.S.C. §§ 1331 and 1334; however, Sheriff Conyers denies liability and denies he owes Rudd any damages.

2. Sheriff Conyers admits Rudd was an inmate at the Liberty County Detention Center in Bristol, FL. Sheriff Conyers denies the remaining allegations as phrased.

3. Sheriff Conyers admits these allegations.

4. Sheriff Conyers admits venue is proper; however, Sheriff Conyers denies liability and denies he owes Rudd any damages.

5. Sheriff Conyers denies liability and denies he owes Rudd any damages.

6. Sheriff Conyers is without knowledge.

7. Sheriff Conyers denies these allegations.

8. Sheriff Conyers denies these allegations.

9. Sheriff Conyers admits these allegations.

## GENERAL ALLEGATIONS

10. Sheriff Conyers admits these allegations.

11. Sheriff Conyers admits William Strawn transported Franklin and Rudd.

12. Sheriff Conyers is without knowledge.

13. Sheriff Conyers is without knowledge, and to the extent William Strawn actually committed forcible sexual intercourse with Rudd; Sheriff Conyers is not civilly liable for such criminal acts of Defendant Strawn under federal law.

14.     Sheriff Conyers is without knowledge, and to the extent William Strawn actually committed forcible sexual intercourse with Rudd; Sheriff Conyers is not civilly liable for such criminal acts of Defendant Strawn under federal law.

## COUNT I--VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM

15.-24.     The allegations of Paragraphs 15-24 are asserted against co-Defendant Sheriff David Tatum, and do not apply to Sheriff Conyers.  To the extent any allegations contained within Paragraphs 15-24 are or could be construed to state a claim against Sheriff Conyers, said allegations are denied.

## COUNT II--VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST LIBERTY COUNTY SHERIFF DONNIE CONYERS

25.     Sheriff Conyers re-alleges his responses to paragraphs 1-14 and 19 as if fully set forth herein.

26.     Sheriff Conyers denies liability and denies he owes Rudd any damages.

27.     Sheriff Conyers admits Rudd had a constitutional right to be free from cruel and unusual punishment and the right to be free from sexual assaults.

28.     Sheriff Conyers admits it had a duty of reasonable care and protection of foreseeable risks under the facts and circumstances known to it at the time she was in the custody of the Liberty County Sheriff's Office.

29.     Sheriff Conyers denies these allegations, and alleges liability cannot be based upon theories of respondeat superior under 42 U.S.C. §1983.

30.     Sheriff Conyers denies these allegations.

31.     Sheriff Conyers denies these allegations.

31.     Sheriff Conyers denies these allegations.

32. Sheriff Conyers denies these allegations, and alleges liability cannot be based upon theories of respondeat superior under 42 U.S.C. §1983.

33. Sheriff Conyers denies these allegations, and alleges liability cannot be based upon theories of respondeat superior under 42 U.S.C. §1983.

34. Sheriff Conyers denies these allegations, and alleges liability cannot be based upon theories of respondeat superior under 42 U.S.C. §1983.  To the extent William Strawn actually committed forcible sexual intercourse with Rudd; Sheriff Conyers is not civilly liable for such criminal acts of Defendant Strawn under federal law.

### COUNT III--VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS AGAINST WILLIAM STRAWN

35.-40. The allegations of Paragraphs 35-40 are asserted against co-Defendant William Strawn, and do not apply to Sheriff Conyers.  To the extent any allegations contained within Paragraphs 35-40 are or could be construed to state a claim against Sheriff Conyers, said allegations are denied.

### COUNT IV--NEGLIGENT HIRING AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM

41.-48. The allegations of Paragraphs 41-48 are asserted against co-Defendant Sheriff David Tatum, and do not apply to Sheriff Conyers.  To the extent any allegations contained within Paragraphs 41-48 are or could be construed to state a claim against Sheriff Conyers, said allegations are denied.

### COUNT V--NEGLIGENT SUPERVISION AGAINST CALHOUN COUNTY SHERIFF DAVID TATUM

49.-56. The allegations of Paragraphs 49-56 are asserted against co-Defendant Sheriff David Tatum, and do not apply to Sheriff Conyers.  To the extent any allegations

contained within Paragraphs 49-56 are or could be construed to state a claim against Sheriff Conyers, said allegations are denied.

### COUNT VI--NEGLIGENT RETENTION AGAINST CALHOUN SHERIFF DAVID TATUM

57.-63.    The allegations of Paragraphs 57-63 are asserted against co-Defendant Sheriff David Tatum, and do not apply to Sheriff Conyers.  To the extent any allegations contained within Paragraphs 57-63 are or could be construed to state a claim against Sheriff Conyers, said allegations are denied.

### COUNT VII--BATTERY AGAINST CALHOUNC OUNTY SHERIFF DAVID TATUM AND DEPUTY SHERIFF AND TRANSPORT OFFICER WILLIAM STRAWN

64.-66.    The allegations of Paragraphs 64-66 are asserted against co-Defendants Sheriff Tatum and William Strawn, and do not apply to Sheriff Conyers.  To the extent any allegations contained within Paragraphs 64-66 are or could be construed to state a claim against Sheriff Conyers, said allegations are denied.

Sheriff Conyers denies any and all allegations of the First Amended Complaint that have not been specifically admitted herein, denies liability and denies he owes Rudd any damages.

### FIRST AFFIRMATIVE DEFENSE

Sheriff Conyers alleges Rudd failed to state a claim upon which relief may be sought because claims under 42 U.S.C. § 1983 cannot be founded upon theories of respondeat superior.

### SECOND AFFIRMATIVE DEFENSE

Sheriff Conyers alleges Rudd failed to state a claim upon which relief may be sought because there was no history of widespread abuse at the time the alleged incidents in this matter allegedly occurred which would be sufficient to put the Sheriff on notice of the likelihood of any

civil or constitutional violations—resulting in the need to either implement or revise a policy or procedure.

### THIRD AFFIRMATIVE DEFENSE

Sheriff Conyers alleges Rudd failed to state a claim upon which relief may be sought because the Liberty County Sheriff's Office does not have a custom or policy that results in deliberate indifference to constitutional rights, and there are no alleged facts that support an inference that Sheriff Conyers directed William Strawn or any employees to act unlawfully or knew that they would act unlawfully and failed to stop them from doing so.

### FOURTH AFFIRMATIVE DEFENSE

Sheriff Conyers claims he is entitled to an award of attorneys' fees pursuant to the provisions of 42 U.S.C. § 1988 against Rudd, and as to Rudd's counsel, pursuant to the provisions of 28 U.S.C. § 1927.

### FIFTH AFFIRMATIVE DEFENSE

Sheriff Conyers claims the Liberty County Sheriff's Office cannot be liable to Rudd pursuant to the provisions of Fla. Stat. § 111.071 because William Strawn's alleged actions were intentional.

ANDREWS, CRABTREE, KNOX & ANDREWS, LLP

*/s/ Jeannette M. Andrews*
Jeannette M. Andrews, FBN: 0352896
Joe Longfellow, III, FBN: 62225
Post Office Box 12800
Tallahassee, Florida  32317-2800
Attorney for Defendant Sheriff Conyers

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via e-file this _30__ day of April, 2012 to:

Roosevelt Randolph, Esq.
Dawn Pompey Whitehurst, Esq.
Knowles & Randolph, P.A.
3065 Highland Oaks Terrace
Tallahassee, FL  32301

Hubert R. Brown, Esq.
Thomas J. Brown, Esq.
Brown and Brown, P.A.
1102 East Tennessee Street
Tallahassee, FL  32308

/s/ Jeannette M. Andrews