IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| STACEY RUDD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DAVID TATUM, et al.<br><br>    Defendants. | Case No.: 5:11-cv-373; 5:11-cv-374 |

**PLAINTIFFS' RESPONSE TO FINCH MOTION FOR COSTS**

COME NOW, Plaintiffs STACEY RUDD, TERRI FRANKLIN, and MIRANDA HARTZELL, by and through the under-signed attorney, and submits this objection to Defendant Nick Finch's Bill of Costs for $3,956.01 or $3,991.81, as requested in Defendant Finch's Motion to Tax Costs.[1]

Plaintiffs first submit that costs should not be taxed to Plaintiffs at all in this case. Plaintiff further objects to the amounts sought to be taxed. Plaintiff's objections should be sustained because Defendant Finch seeks to tax costs not recoverable under 28 U.S.C. §1920. Costs, if granted at all, should be reduced by $1,306.80 ($485.90 for transcripts and $820.90 in internal copy costs), as shown below, so that the total costs taxed are no more than $2,649.21.

Further, because this case is being appealed as to Defendant Finch, Plaintiff requests that the court delay ruling on this issue until final resolution of the case.

---

[1] Both figures are mentioned in the motion and it is unclear which figure is claimed as taxable costs.

1

# MEMORANDUM OF LAW

## I. Costs Should Not Be Awarded

Although there is a presumption in favor of awarding certain costs to prevailing parties, the Federal Rules of Civil Procedure explicitly leave the issue of whether to award costs within the discretion of the District Court. "The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co., 482 U.S. at 440–44, 107 S.Ct. 2494. The Court, however, may not tax as costs any items not authorized by statute" (*Monelus v. Tocodrian, Inc.,* 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

The trial court should exercise its sound discretion in assessing whether costs should be assessed against a non-prevailing party at all. "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). The discretion to tax costs is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party" *(Crawford Fitting Co. v. J. T. Gibbons*, Inc., 482 U.S. 437, 441-42, 107 S. Ct. 2494, 2497, 96 L. Ed. 2d 385 (1987).

One factor the Court may consider is the Plaintiff's indigency. *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983); *Rivera v. City of Chicago*, 469 F.3d 631, 634-635 (7th Cir. 2006). Plaintiffs are indigent and unable to pay the costs and are unlikely to be able to do so in the foreseeable future. Further, it is clear rights were violated; at least some acts complained of were admitted.

**II. Costs Are Excessive**

Even if costs were appropriate against Plaintiffs, the amount of costs assessed is excessive under the law in that inappropriate costs are sought to be taxed.

Not every cost associated with litigation is taxable under 28 U.S.C. § 1920. The statute limits recovery of costs to the following specific items:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under Section 1923 of the Title; and

(6) Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this Title.

**A. Fees of the Court Reporter and Transcript Costs**

Defendant submitted $2,873.50 in its bill of costs for deposition transcripts. Whether costs for a deposition are taxable depends on whether the deposition was wholly or partially "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc,* 213 F.3d 600, 621 (11th Cir. 2000) (quoting *Newman v. A.E. Staley Mfg. Co.,* 648 F.2d 330, 337 (5th Cir. 1981). "[W]here the deposition costs were merely

3

incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Goodwall Const. Co. v. Beers Const. Co.,* 824 F.Supp. 1044, 1066 (N.D.Ga.1992). A party's transcription costs must be reasonably necessary to litigation of case. *In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144 (Cir. 10 Okla. 2009).

Deposition costs are found in Doc. 191-1, p. 12 of 15. Certainly costs associated with the depositions of former Liberty County Sheriffs Revell and Conyers, Sheriff Finch's predecessors, Liberty County Jail employees Partridge and Spears, and Plaintiff Rudd, would be "necessarily obtained" since the depositions were cited in Defendant Finch's Motion for Summary Judgment.

However, Defendants have also sought to bill $247.25 for costs related to the deposition of Sonny Coburn, the Calhoun County Jail Administrator, and $238.65 for the deposition of FDLE agent Travis Lawson, neither of whom were even referenced in Defendant Finch's Motion for Summary Judgment.

The applicable statute refers to the cost of "the stenographic transcript *necessarily* obtained for use in the case." (*Emphasis added*). In *United States v. Kolesar*, 313 F.2d 835 (5th Cir. 1963), the court recognized the question to be "[W]hether in the particular circumstances of a specific case, there is a reasonable need that counsel have a copy" of the deposition. *Id* at 840. *Morris v. Carnathan*, 63 F.R.D. 374, 379 (N.D. Miss. 1974).

A total of $485.90 claimed for transcripts should not be taxed as costs.

### B. Copy costs

Defendants seek to tax $1,118.31 for copies. (Doc. 191, p. 1 of 15). Only $297.32 of the costs were billed by a third-party and $820.90 were billed for in-house copies. However neither the motion nor the list of documents indicate what the copies were or why the copies had to be reproduced in the course of litigation.

In-house copies were billed to Defendant Finch's insurer at ten cents a copy. On January 9, 2013, Defendant Finch billed its insurer $382.00 for 382 copies, which would amount to $1.00 per copy instead of ten cents. This is certainly in error. The cost should have been $38.20. This alone is an over-charge of $343.80. (See Doc. 191, p. 8 of 15). On November 12, 2012, Defendant Sheriff of Liberty County, billed his insurer $24.00 for a criminal history report (whose is unknown) from FDLE. (Doc. 191, p. 13 of 15). This is an on-line service, producing usually a few pages in digital format of arrests and dispositions. This $24 is the standard FDLE fee and does not represent a number of copies. This is an investigation cost and should not be charged to copies.

At least $367.80 should not be taxed as copy costs. But because the reason for the $820.90 in internal copy costs are unclear and some clearly erroneous, they should be disallowed entirely as not shown to be "necessarily obtained."

### C. Ruling should be delayed

Plaintiffs are appealing judgment. If the Court anticipates ruling that costs should be imposed, the Court has discretion to defer its ruling until after a final

5

disposition of the case. *See American Infra-Red Radiant Co. v. Lambert Industries, Inc.*, D.C.Minn.1966, 41 F.R.D. 161 (D.C. Minn. 1966) (Where losing party in patent infringement case had petition for certiorari pending before United States Supreme Court, district court in exercise of its discretion would grant continuance of taxation of costs pending disposition of petition for certiorari). It would not make sense to grant costs to Defendants when the costs would have to be disgorged if Plaintiffs prevailed on their appeal.

### D. Conclusion

For the reasons above, Defendant's Motion should be denied or, alternatively, the bill of costs for $3,956.01 should be reduced by $1,306.80, leaving $2,649.21. Plaintiffs ask the Court to defer its ruling on costs until the conclusion of the appeal.

WHEREFORE, Plaintiff prays the Court DENY the Motion or alternatively deny costs objected to but delay ruling until the conclusion of the appeal.

Respectfully Submitted,

*s/James V. Cook*
JAMES V. COOK, FBN 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@nettally.com

I CERTIFY the foregoing was filed electronically on 10/17/2013, to counsel of record registered to be notified by the CM/ECF electronic mail system and by U.S. Mail to pro se Defendant Strawn.

*s/James Cook*